# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FINANCIAL FEDERAL            :    CIVIL ACTION
CREDIT INC.,
                             :
    Plaintiff,
                             :
    v.
                             :
PHIL STANLEY SMITH, JR.
and UNDERGROUND UTILITY      :
CONTRACTORS, INC.,
                             :
    Defendants.                   NO. CV204-209


O R D E R

Plaintiff, Financial Federal Credit Inc., ("FFCI"), filed suit against Defendants, Phil Stanley Smith, Jr., and Underground Utility Contractors, Inc. ("UUC"), seeking a deficiency judgment under Georgia law. Presently before the Court are the parties' cross-motions for summary judgment.

Smith and UUC contend, in the concluding paragraph of their brief in support of their cross-motion for summary judgment, that FFCI's deficiency claim is barred by the company's failure to send Smith notice, after repossession, of

its intention to pursue a deficiency claim, as required by Georgia Code section 10-1-10.

That section provides an absolute bar to recovery of a deficiency judgment in such situations:

> When any goods have been repossessed after default in accordance with Part 5 of Article 9 of Title 11, the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after said repossession he forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. . . . This Code section is cumulative of Part 5 of Article 9 of Title 11 and provides cumulative additional rights and remedies which must be fulfilled before any deficiency claim will lie against a buyer, and nothing in this Code section shall be deemed to repeal said part.

Ga. Code Ann. § 10-1-10 (2000);[1] see Bryant Int'l, Inc. v. Crane, 188 Ga. App. 736, 736-37 (1988)(interpreting Ga. Code Ann. § 10-1-36, an analogous provision relating to failure to give notice of intent to seek a deficiency claim after repossession of a motor vehicle).

Plaintiff has not disputed the factual accuracy of Defendants' assertion, or otherwise responded to the

---

[1] Under the former Article Nine, which was effective from 1972 to 2000, Part Five governed default. Under the revised Article Nine, Part Six governs default. The Court construes § 10-1-10 as cumulative of the UCC's default provisions under the revised Article Nine.

2

contention. <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1116-17 (11th Cir. 1993)(discussing non-movant's responsibility once moving party has discharged his initial burden, when the movant bears the burden of proof at trial and when the non-movant bears the burden of proof at trial).

In the instant case, as a defense to Plaintiff's deficiency claim, Defendants assert that there is no evidence that Plaintiff complied with Georgia Code section 10-1-10, and Plaintiff has presented no testimony or documentary evidence controverting this fact. Because no genuine issue of material fact remains in this respect, Defendants' motion for summary judgment is **GRANTED**, and Plaintiff's motion is **DENIED**. See Doc. Nos. 18 & 25. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**, this 16th day of August, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

R. Baer
D. Garland

CASE NO: CV204-209
DATE SERVED: 8/17/05
SERVED BY: slt

☐ Copy placed in Minutes
☑ Copy given to Judge
☐ Copy given to Magistrate